**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN (Detroit)**

In re:                                                                  Chapter 13 No. 17-57688-tjt

Christopher John Standerwick and
Crystal Dawn   Preston-Standerwick                  Hon. Thomas J. Tucker
aka Crystal Dawn Preston
aka Crystal Dawn Standerwick
                              Debtors.

_____/

**ORDER RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001 (A)(3) AND**
**MODIFYING THE STAY**

Creditor, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust, by and through its attorneys, Trott Law, P.C., and the Debtor(s), Christopher John Standerwick and Crystal Dawn   Preston-Standerwick, by and through their attorney, James P. Frego, II, having filed with the Court a STIPULATION MODIFYING THE AUTOMATIC STAY AND MODIFYING THE CHAPTER 13 PLAN, with respect to the property located at 3470 Yardly Ct, Sterling Heights, MI 48310-4926, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1.       On or before October 31, 2020 the debtors will be 100% current with the mortgage or Creditor may serve on Debtor(s), Debtor's counsel, and the Chapter 13 Trustee, a Notice of Default; and in the event the default and Creditor may immediately submit to the court for entry an order vacating the automatic stay and co-debtor stay, as applicable, no further notice, hearing, or motion being required;

2.       Creditor is entitled to attorney fees in the amount of $1,050.00 and costs in the amount of $181.00 upon the filing of a post-petition fee notice pursuant to FRBP 3002.1;

3.       Any Order vacating the automatic stay entered pursuant to this resolution shall be effective immediately notwithstanding the provisions of FRBP 4001(a)(3), the provisions of FRBP 3002.1 shall be terminated, and the order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s) / homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as

Debtor(s) should Creditor seek to shorten the redemption period.

     4.     Any Order vacating the automatic stay and the co-debtor stay entered pursuant to this resolution shall allow Movant, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**Signed on October 6, 2020**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**